```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19cr590 |
| | ) | |
| DOMINIC LEONARD LEGRAND | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Before the court are two motions by Defendant Dominic Leonard Legrand: a motion to dismiss the indictment pursuant to Title 18, United States Code, Section 3161(c) and Section 3162(a)(2) (Doc. 17); and, in the alternative, a motion in limine to permit the admission of evidence regarding his lack of knowledge of his inability to possess a firearm (Doc. 18). The Government opposes both motions. (Docs. 19, 20.) For the reasons set forth below, Legrand's motions will be denied.

I.  **BACKGROUND**

While conducting a traffic stop on February 28, 2019, officers with the Greensboro Police Department arrested Legrand and charged him with being a felon in possession of a firearm after viewing part of a handgun under his seat. (Doc. 19 at 1.) Legrand admitted the handgun was his and stated that he was "attempting to exercise his Second Amendment Rights." (Doc. 18 at 2.) On April 29, 2019, a federal grand jury returned a single count indictment against Legrand for a violation of 18 U.S.C. § 922(g)(1)

and § 924(e). (Doc. 19 at 1.) He was arrested and made an initial appearance on May 3, 2019, then entered a plea of "Not Guilty" on May 10, 2019. (Doc. 17 at 1.)

On May 17, 2019, Legrand filed a motion to continue his case to the July Criminal Term, which was granted. The time from May 17, 2019, through and including July 15, 2019, was excluded from the speedy trial calculations. (Doc. 19 at 2.) Prior to the start of the July Criminal Term, the United States Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019), requiring the Government to prove that a defendant charged with a violation of 18 U.S.C. § 922(g) knew he belonged to a category of persons prohibited from possessing a firearm and that the defendant knew as much at the time of his possession. Id. at 2200. In light of Rehaif, the Government filed a motion to continue the case to the August 2019 Criminal Term, which was granted on July 11, 2019. The order excluded the time from July 15, 2019, up to and including August 12, 2019, from the speedy trial calculations. (Doc. 19 at 2.) A superseding indictment including the Rehaif element was returned on July 29, 2019, Legrand was arraigned on it on August 15, 2019, and trial was scheduled for October 28, 2019. (Id. at 2-3.) On October 15, 2019, Legrand moved to dismiss the superseding indictment, alleging a violation of his speedy trial rights under 18 U.S.C. § 3161. His motion was granted on

October 22, 2019, and the indictment was dismissed without prejudice. (Id. at 3.)

The current indictment against Legrand was returned by a grand jury on November 25, 2019, based on the same conduct giving rise to the original indictment from April 2019. Legrand was arrested on January 13, 2020, entered a plea of "not guilty" on January 17, 2020, and trial was set for March 18, 2020. (Id.) On March 11, 2020, Legrand filed the present motion to dismiss the indictment, alleging a constitutional violation of his speedy trial rights. While the motion seeks to dismiss the indictment pursuant to 18 U.S.C. § 3161 and § 3162, Legrand acknowledges that his *statutory* speedy trial rights have not been violated but argues instead a violation of his *Constitutional* speedy trial rights under the Sixth Amendment. (Doc. 17 at 4.) In the alternative, he moves the court to allow the presentation of evidence regarding his lack of knowledge of his inability to possess a firearm. (Doc. 18 at 3-4.) The Government opposes both motions.

## II. ANALYSIS

### A. Speedy Trial

Legrand moves to dismiss the indictment under 18 U.S.C. § 3161(c) and § 3162(a)(2). (Doc. 17.) Section 3162(a)(2) provides that if a defendant is not brought to trial within the time limits established by Section 3161, the indictment shall be dismissed. Legrand argues that although the seventy days set out

3

in § 3161 have not passed since his November 25, 2019 indictment and his previously-scheduled March 18, 2020 trial date,[1] the delay in his arrest following the return of the indictment violated his Constitutional speedy trial rights. (Id. at 4.)  According to him, if he had been arrested timely following the return of the indictment, he would have made his first appearance before a Magistrate Judge in late November 2019 and his trial would likely have been scheduled to begin the week of January 13, 2020. (Id. at 4-5.) He argues that the March 18, 2020 trial date is "91 days from the date when his arraignment could have been scheduled and a period of 97 days from the return of the indictment." (Id. at 5.) The Government argues that Legrand cannot show any constitutional or statutory speedy trial violations, that the motion should be dismissed, and the matter should proceed to trial. (Doc. 19 at 10.)

"A criminal defendant's right under the [Speedy Trial] Act is separate and distinct from his Sixth Amendment right to a speedy trial." United States v. Thomas, 305 F. Appx. 960, 963 (4th Cir. 2009) (citing United States v. Woolfolk, 399 F.3d 590, 594-98 (4th

---

[1] The speedy trial clock was stopped by the pendency of the present motion to dismiss 18 U.S.C. 3161(h)(1)(D), as well as this court's Standing Order 13, which suspended speedy trial during the pendency of the novel coronavirus (COVID-19) pandemic. Thus, the March 18, 2020 trial date has been continued pending the court's resumption of trials at a time when it is safe to do so following the local effects of the coronavirus.

Cir. 2005)). Under the Speedy Trial Act, a defendant who pleads "Not Guilty" must be brought to trial within seventy days of either the filing of the indictment or the date of his initial appearance, whichever is later. 18 U.S.C. § 3161(c). If the defendant is not brought to trial within the seventy-day window, the indictment must be dismissed upon motion of the defendant. Id. § 3162(a)(2). In contrast, the Sixth Amendment right to a speedy trial is analyzed under a four-factor balancing test established by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972), which requires a court to weigh: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" United States v. Riley, No. WDQ-13-0608, 2015 WL 501786, at *13 n.38 (D. Md. Feb. 4, 2015) (quoting United States v. Davenport, 935 F.2d 1223, 1238-39 (11th Cir. 1991)).

Under the first factor, in order to trigger a speedy trial analysis, "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." Doggett v. United States, 505 U.S. 650, 651-52 (1992). "Until there is some delay which is

5

presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530. In the Fourth Circuit, a delay of eight months or longer involving cases with little complexity is presumptively prejudicial, Woolfolk, 399 F.3d at 598, while delays approaching one year in complex cases is presumptively prejudicial, United States v. Eccleston, 615 F. Appx. 767, 775 (4th Cir. 2015).

The indictment in this case was returned by the grand jury on November 25, 2019, less than a month after the previous superseding indictment was dismissed on speedy trial grounds. Without excluding any time, the length of time from Defendant's November 25, 2019 indictment and March 18, 2020 trial date approaches four months. This, of course, comes nowhere near the eight-month threshold for cases with little complexity or the one-year threshold for more complex matters. Legrand argues that he has maintained the same residence since he was first indicted in April of 2019 and therefore the Government could have easily arrested him as soon as the grand jury returned the November indictment and sped up the process. (Doc. 17 at 4-5.) The Government notes that several major holidays occurred between the November indictment and the January arrest date, including Thanksgiving, Christmas, and New Year's Day, all of which would disrupt routine law enforcement activities like the execution of an arrest warrant. (Doc. 19 at 6.) In any event, the amount of

6

time that passed between the return of the indictment and the scheduled trial date does not create the presumption of prejudice, and the speedy trial analysis ends at this initial step. See Eccleston, 615 F. Appx. at 775 ("The first Barker factor acts as a threshold requirement and if the delay is not uncommonly long, the inquiry ends there.") (internal quotation marks omitted) (citing United States v. Grimmond, 137 F.3d 823, 827 (4th Cir. 1998)); Woolfolk, 399 F.3d at 597 ("In addition to being a factor, the first inquiry is also a threshold requirement, because simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.") (internal quotation marks and citation omitted).

The decision of the court to decline the motion to dismiss would be the same even if the court considered the remaining Barker factors. While Legrand did assert his right to speedy trial, which weighs in his favor, the remaining factors benefit the Government. The delay was not due to any improper action on the Government's part, and the delay did not prejudice Legrand.

Because Legrand has not made the proper showing, his motion to dismiss will be denied.

**B.  Motion in Limine**

Legrand next argues that the court should allow the presentation of evidence at trial "to show that the Defendant did

7

not know he was prohibited from possessing a firearm at the time of his arrest in the present indictment" and further asks the court to instruct the jury that the Government must "prove that the Defendant knew he was prohibited by law from possessing a firearm at the time of his arrest." (Doc. 18 at 1.) The Government opposes this motion, arguing that "any evidence regarding [Defendant's] knowledge of the law, or lack thereof, is not relevant to the question the jury must decide" and is inadmissible. (Doc. 20 at 4-5.) Legrand admits that he is unaware of "any court which has presently ruled that the government is required to prove that a Defendant had knowledge that he was prohibited from possessing a firearm." (Doc. 18 at 2.)

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Rehaif court did not hold that in prosecuting violations of 18 U.S.C. § 922(g) the Government must prove that a defendant knew he was not allowed to possess a firearm. Moreover, at least two circuits have rejected the argument that the Government must prove a defendant knew he was prohibited from possessing a firearm. See United States v. Davies, 942 F.3d 871, 874 (8th Cir. 2019) ("Under Rehaif, [the defendant] needed to know only that he had been convicted of a crime

punishable by imprisonment for a term exceeding one year at the time he possessed the firearms."); United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019) ("Rehaif did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. On the other hand, it is the duty of the court to prevent the jury from hearing inadmissible evidence. Fed. R. Evid. 103(d). The evidence Legrand asks the court to admit, including testimony and other evidence showing that he was unaware that he was prohibited from possessing a firearm, is not relevant. The evidence would not negate any element of the crime with which he is charged -- felon in possession of a firearm under 18 U.S.C. § 922(g). Moreover, its presentation to the jury would be misleading and cause confusion. Finally, jury instructions must fairly state the controlling law. United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (internal quotation marks and citation omitted). Legrand's request to instruct the jury that the Government must prove he knew he was prohibited by law from possessing a firearm at the time of his arrest is not a fair and accurate statement of the prevailing law as established in Rehaif.

Because the evidence Legrand wishes to introduce is inadmissible and the jury instructions do not fairly and accurately state controlling law, his motion in limine will be denied.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant Dominic Leonard Legrand's motion to dismiss (Doc. 17) is DENIED and his motion in limine (Doc. 18) is DENIED.

                                          /s/   Thomas D. Schroeder
                                        United States District Judge

March 25, 2020